■　ALTHEA MYERS, Respondent, v. HAZEL PAULUS, Appellant.— Appeal from a judgment and order granting summary judgment dismissing the counterclaims and barring defendant from all claim or claims to an interest in or lien or incumbrance upon the premises involved. The action was brought pursuant to article 15 of the Real Property Law to cancel and discharge of record a mortgage held by defendant on premises in the name of the plaintiff and there was no dispute that the Statute of Limitations barred any claim under the mortgage. That part of the order which cancelled and discharged a mortgage upon the premises is not questioned on this appeal. In the action the defendant set forth three counterclaims which sought to establish the defendant was entitled to an interest in the property to the extent of a judgment. The facts are as follows: August 9, 1929 — William J. Myers and Lucy B. Myers [plaintiff's father and mother] executed three purchase-money mortgages and bonds covering the instant property. The third bond and mortgage was assigned to defendant in 1932. October 22, 1934 — The property was conveyed to Lucy B. Myers, alone. October 9, 1941 — Defendant procured a judgment against William J. Myers and Lucy B. Myers on the bond alone in the sum of $2,647. The judgment was entered in the City Court of Albany. December 8, 1945 — Plaintiff and her father, William J. Myers, joined with her mother

Lucy B. Myers in a conveyance of the property to their attorney Benjamin Ungerman. This deed was recorded March 28, 1946. October 18, 1946 — Defendant filed a transcript of the City Court judgment in the Albany County Clerk's office. July 5, 1949—Ungerman conveyed the property to his wife, Annette. This deed was recorded shortly thereafter. July 12, 1949 — Annette Ungerman conveyed the property to plaintiff, with a recital stating "no actual money consideration". This deed was recorded December 20, 1950. January 28, 1950 — Lucy B. Myers died. December 19, 1956 — William J. Myers died. September 27, 1958 — Defendant instituted the counterclaims in controversy. Together with this chronology, the plaintiff in her affidavit sets forth that in 1945 the conveyance from her parents to their lawyer Ungerman was with the understanding that he would try to keep the property clear on their behalf and that the grantors would pay him $50 per month to be applied upon the first mortgage and his attorney fee; that thereafter Ungerman negotiated a mortgage extension and signed the necessary agreement. She further admitted that her parents continued during their lifetime to live in the house and that they paid all of the real estate taxes during the time the property was in the name of their attorney. As previously stated, the deed to plaintiff recorded in 1950 had no documentary stamps and no money consideration. The attorney for the defendant in an affidavit, not denied, avers that at the time the ·conveyance was made to Ungerman, inquiry was made and defendant's attorney was informed that he (Ungerman) had purchased the property and was renting it to the plaintiff's father. Defendant therefore contends that she had no actual knowledge of the facts until the matter was brought to her attention by the offer of plaintiff to pay her $100 for a release a few months before the instigation of the present action. We think, under such facts, the matter should not have been summarily decided but that defendant should have her day in court. It may be that success will not be forthcoming but there appears to be a factual question as to the Statute of Limitations. Such statutes are not meant to encourage fraud but to be a terminal for litigation. It appears that whether defendant has waited too long to assert her claim is likewise factual. The lower court determined there was no factual allegation of actual fraud and that constructive fraud accrued in 1946 and was accordingly barred by the Statute of Limitations. When the fraud was discovered or the date defendant knew or should have known of the fraud in most instances would be a question of fact, not of law, or a mixed question of law and fact. (See *Erbe* v. *Lincoln Rochester Trust Co.*, 3 N Y 2d 321, 326.) In *Nasaba Corp.* v. *Harfred Realty Corp.* (287 N. Y. 290) the motion was to dismiss the complaint and in many respects similar to the present situation and the words of the court at pages 294–295 are of some import: " The fraud which is the gravamen of the actions does not lie alone in the execution and delivery of the written documents which are matters of public record. Rather, it lies, as alleged or clearly to be implied, in the deliberately secret, deceitful, undisclosed and fraudulent manipulation and transfer without consideration. * * * An intent and design is alleged or clearly and necessarily inferable from the complaint to misrepresent or conceal a material fact, to produce a false impression in order to mislead the plaintiff or to cheat it and therein lies the deceit which is the material constitutent of actual fraud." We do not reach or decide the sufficiency of the counterclaim. That part of the judgment and order which cancelled the mortgage and the directive to the Albany County Clerk is affirmed and in all other respects the said judgment and order is reversed, the counterclaim severed and a trial directed, with costs to the appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.